UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:21-CR-00324-JRS-MG |
| JERRY POINDEXTER, | ) ) |
| Defendant. | ) ) |

GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Peter A. Blackett, Assistant United States Attorney, and respectfully submits this Sentencing Memorandum.

I. INFORMATION AND PETITION TO ENTER PLEA OF GUILTY

On October 26, 2021, Jerry Poindexter (Poindexter) was charged in an Indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g)(1). (Dkt. 1). On March 15, 2022, the parties filed a Petition to Enter a Plea of Guilty and Plea Agreement. (Dkt. 25). Under the terms of the plea agreement, Poindexter will enter a plea of guilty to Count One, Felon in Possession of a Firearm. *Id*.

II. FACTS

On August 31, 2021, at approximately 2:55am, Officers with the Indianapolis Metropolitan Police Department (IMPD), responded to a report of a personal injury car accident at 5328 W. Morris Street, Indianapolis, Marion County, Indiana. (Dkt. 25 at 7-9).

When Officers arrived on scene, they observed a maroon, 2014, Chevrolet Cruze, bearing Indiana license plate 408DTW, in the front yard of 5328 W. Morris Street. *Id*. The vehicle was stopped, idling and had the front end obstructed by bushes/shrubbery. *Id*.

IMPD Officer Marshall approached the Chevrolet on the passenger side. *Id*. Officer Marshall, while using a flashlight, observed Poindexter, in the driver' seat and slumped across the center console. *Id*. Officer Marshall observed that Poindexter did not appear conscious. *Id*. Officer Marshall observed a black extended handgun magazine sticking out of Poindexter's front right side that he believed was inserted into a handgun. *Id*.

Officers observed that the vehicle was still in drive and was being held in place by the shrubbery/bushes and all the doors were locked. *Id*. Officer Marshall made several additional verbal attempts to awake Poindexter but was not successful. *Id*.

Officers were forced to break out the driver's window to gain access and control of Poindexter, and to secure the vehicle. *Id*. Officers opened the driver's door and pulled Poindexter out of the vehicle and onto the ground. *Id*. At this time, Officers located a handgun, with the extended magazine, tucked into Poindexter's front-right waistband. *Id*. The handgun was identified as a SCCY, model CPX-1, 9mm Luger, semi-automatic handgun bearing serial number 753329. Poindexter remained unconscious. *Id*.

While being treated by Medics, Poindexter gained consciousness. *Id*. He initially provided Officers with a false name. *Id*. Once Poindexter was positively identified, he was found to have several warrants for his arrest. *Id*. Due to his medical condition, Poindexter was transported to the hospital my Medics for treatment. *Id*. During the transport, Poindexter informed the medics that he had taken Xanax. *Id*.

While searching the vehicle, Officers located on the front passenger seat a small baggie containing a brown powdery substance believed to be heroin. *Id*.

The SCCY firearm was manufactured outside the state of Indiana and had travelled in interstate commerce. *Id*.

Poindexter has sustained felony convictions for crimes punishable by more than one (1) year of imprisonment, including:

a. Dealing in Methamphetamine, a Level 3-Felony, in Hendricks County, Indiana, on or about October 02, 2017, under Cause Number 32D02-1704-F2-000011;

b. Dealing in Marijuana, a Level 6-Felony, in Marion County, Indiana, on or about May 02, 2018, under Cause Number; 49G20-1702-F6-007080;

c. Criminal Recklessness, a Level 6-Felony, in Marion County, Indiana, on or about October 28, 2015 under Cause Number 49G14-1506-F6-018889;

d. Forgery, a C-Felony, in Marion County, Indiana, on or about March 31, 2015 under Cause Number 49G20-1402-FC-009556.

Poindexter had knowledge of all of his felony convictions listed above and was aware that he was a convicted felon at the time he possessed the firearm in this case. *Id*.

III. <u>Presentence Investigation Report</u>

On May 19, 2021, United States Senior Probation Officer Gerald Smith, filed the final version of the Presentence Investigation Report (PSIR). (Dkt. 29). The PSIR, included a section outlining the Defendant's Criminal History. *Id*. at 8-12. Poindexter has a substantial criminal history and was on probation and work release at the time of this offense. *Id*. Poindexter has a criminal history category of V because of his 11 criminal history points. Poindexter also has four

pending felony criminal cases in Marion County and Hendricks County. *Id*. at 12-14. Poindexter has a base offense level of 262 pursuant to USSG §2K2.1(a)(1). *Id*. at 5. Poindexter will receive a reduction of two levels pursuant to USSG §3E1.1(a) and a reduction of one level pursuant to USSG §3E1.1(b) for a final offense level of 23. *Id*. Poindexter's guideline range is 84 to 105 months. *Id*. at 19.

IV.     Application of 18 U.S.C. §3553(a)

This Court uses the factors located in 18 U.S.C. §3553(a) to determine a sentence that is sufficient, but not greater than necessary. *18 U.S.C. §3553(a)*. The first factor that this Court looks at is the nature and circumstance of the offense and the history and characteristics of the defendant. *18 U.S.C. §3553(a)(1)*. In this case Poindexter, was operating a vehicle after taking Xanax and crashed that vehicle. Poindexter's reckless conduct could have seriously injured himself or innocent people in the community. In addition, he possessed a firearm with an extended magazine and had suspected heroin in his vehicle.

The defendant has a significant amount of criminal history. (Dkt. 28 at 8-12). This includes two separate dealing convictions. *Id*. While one of the dealing convictions was for marijuana, the second conviction was for Dealing Methamphetamine. *Id*. Poindexter was still on probation and work release at the time of this offense. *Id*.  In addition, Poindexter has four pending felony criminal cases, including a failure to return to lawful detention in Hendricks County, Indiana. *Id*. at 12-14. The PSIR does indicate that Poindexter has had a significant substance abuse history and has previously completed treatment for his addiction. *Id*. at 18.

The Court's sentence should also reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense. *18 U.S.C. §3553(a)(2)(A)*. The

sentence should also afford adequate deterrence to criminal conduct. *18 U.S.C. §3553(a)(2)(B)*. A guideline range of 84-105 months will certainly provide adequate deterrence and promote respect for the law. Poindexter's substantial guideline sentence will also work to protect the public from further crimes of the defendant. *18 U.S.C. §3553(a)(2)(C)*.

While Poindexter's offense is serious, the Government believes that the middle of the guideline range is sufficient, but not greater than necessary. A sentence of 96 months will reflect the serious nature of the offense and provide adequate deterrence.

Wherefore, based on the foregoing, The United States requests that this Court sentence the Defendant, Jerry Poindexter to 96 months' imprisonment.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By: s/ Peter A. Blackett
Peter A. Blackett
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2022, a copy of the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: s/ Peter A. Blackett
Peter Blackett
Assistant U.S. Attorney
United States Attorney's Office